## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Samuel Gitau,                                   )

       Petitioner                             )

                        )

       v.                                          )

                        )

Bruce CHADBOURNE, Field Office Director,    )

Department of Homeland Security,             )

Immigration & Customs Enforcement;           )

Michael Chertoff, Secretary, Department of   )

Homeland Security; Alberto R. Gonzales,      )

Attorney General of The United States,        )

       Respondents                           )

# 05 ᶜᵛ 10803 GAO

Civil Action No.

RECEIPT # 6 2 7 1 4
AMOUNT $ 5 0 ′′
SUMMONS ISSUED  N/A
LOCAL RULE 4.1 ___✓___
WAIVER FORM ___✓___
MCF ISSUED ___✓___
BY DPTY. CLK. ___M.P___
DATE ___4/22/05___

### PETITION FOR WRIT OF HABEAS CORPUS
### AND COMPLAINT FOR DECLARATORY
### AND INJUNCTIVE RELIEF

MAGISTRATE JUDGE___JLA___

Petitioner Samuel Gitau ("Mr. Gitau"), by and through his undersigned counsel, hereby respectfully petitions this Honorable Court for a *Writ of Habeas Corpus* to remedy his unlawful detention, to enjoin Respondents from continuing such detention, and to release Mr. Gitau forthwith. In support of this petition and complaint for declaratory and injunctive relief, Mr. Gitau alleges as follows:

### CUSTODY

1. Mr. Gitau is in the physical custody of the Department of Homeland Security (DHS) through Immigration and Customs Enforcement (ICE) and its Field Office Director in the Boston District Office. He is detained at the Suffolk County House of

Correction in Boston, MA. Said facility has contracted to house immigration detainees such as Mr. Gitau. He is under the direct control of Respondents and their agents.

## JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1101 *et. seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. Section 701 *et. seq.* This Court has jurisdiction under 28 U.S.C. §§ 2241(c)(1) & (3), art I. § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. § 1331, as Mr. Gitau is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. *INS v. St. Cyr*, 533 U.S. 289 (2001). This Court may grant relief pursuant to 28 U.S.C. § 2241, the APA, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, and the All Writs Act, 28 U.S.C. § 1651.

3. Venue lies in the United States District Court for the District of Massachusetts, the judicial district in which the ICE Field Office Director resides. 28 U.S.C. § 1391(e).

## PARTIES

4. Petitioner Samuel Gitau is a native of Kenya. He seeks asylum in the United States (File # A77 954 860). Respondents took Mr. Gitau into custody on or about February 24, 2005, and have unlawfully detained him since.

5. Respondent Bruce Chadbourne is the Field Office Director of the ICE and is Mr. Gitau's immediate custodian.

6. Respondent Michael Chertoff is the Secretary of the DHS. He is responsible for the administration of the DHS and the ICE and the implementation and enforcement

of the Act. As such, he is also a custodian of Mr. Gitau.

7. Respondent Alberto R. Gonzales is the Attorney General of the United States and is responsible for the administration of the Executive Office of Immigration Review (EOIR) and its implementation and enforcement of the Act through the Immigration Courts and the Board of Immigration Appeals (BIA).

## EXHAUSTION OF REMEDIES

8. Mr. Gitau has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action. He is currently in removal proceedings before an Immigration Judge (IJ). Mr. Gitau is an arriving alien. As such, he has no administrative remedies available to him to contest the legality of his detention. Thus, any administrative action on Mr. Gitau's part would be futile.

## STATEMENT OF FACTS

9. Mr. Gitau arrived in the United States on or about August 5, 2000 at JFK International Airport in New York City. At that time, he was fleeing from persecution in his native Kenya. Mr. Gitau had sought entry with a relative's passport. As a result, he was found inadmissible to the United States pursuant to §§ 212(a)(6)(C)(i) (fraud/ misrepresentation) and 212(a)(7)(A)(i)(I) (not in possession of valid immigrant visa) of the Act, 8 U.S.C. § 11882(a)(6)(C)(i) and 8 U.S.C. § 11882(a)(7)(A)(i)(I). Mr. Gitau was detained by officers of the then Immigration and Naturalization Service ("INS")(now the Department of Homeland Security ("DHS")). Mr. Gitau's detention was pursuant to § 235(b)(1) of the Act, 8 U.S.C. § 1225(b)(1).

10. Shortly thereafter, Mr. Gitau exhibited symptoms of mental/psychological illness and was hospitalized for treatment.

11. Mr. Gitau underwent a "credible fear" interview by an Asylum Officer of the INS pursuant to § 235(b)(1)(B) of the Act, 8 U.S.C. § 1225(b)(1)(B). It was determined that Mr. Gitau had a credible fear of persecution in his homeland.

12. Mr. Gitau's case was referred to a full removal proceeding pursuant to § 240 of the Act, 8 U.S.C. § 1229a. On or about August 26, 2000, the INS, issued a Form I-862 Notice to Appear (NTA).

13. The NTA charged Mr. Gitau as being subject to removal based upon the above stated grounds of inadmissibility.

14. In or about October 2000, Mr. Gitau was released from INS custody. He was paroled into the United States pursuant to § 212(d)(5) of the Act, 8 U.S.C. § 1182(d)(5).

15. Subsequent to his release in parole status, Mr. Gitau was treated extensively for his mental and/or psychological conditions. He was found to be suffering from Major Depression and Post Traumatic Stress Disorder ("PTSD").

16. Mr. Gitau admits having been a member of the Mungiki sect in Kenya. The Mungikis are a traditional religious group in Kenya and are believed to have political connections and/or motivations. Mr. Gitau bases his claim for asylum primarily upon his fear of persecution and torture by this sect. Mr. Gitau denies having been a persecutor or having been otherwise engaged in any activity that would bar him from receiving asylum in the United States.

17. Since Mr. Gitau's release in parole status, a removal hearing has proceeded over a protracted period of time with numerous hearing dates scheduled during the last several years.

18. Mr. Gitau has faithfully appeared for every scheduled hearing date as ordered by the IJ.

19. At no time has there ever been an issue as to whether Mr. Gitau presents a danger to the community. He clearly is not.

20. Mr. Gitau is the father of a two year old United States citizen child, Joy Gitau. (*See* birth certificate attached to Exhibit "A"). Mr. Gitau is the sole legal and physical custodian of that child. (*See* Court Order attached to Exhibit "A"). The child's mother, Miriam Mpagatwa, has been committed to a state run mental institution, Tewksbury State Hospital. The present commitment status and/or location of the child's mother are uncertain at this time.    Regardless, she is not legally entitled to custody of the child. Further, it is believed that her mental state makes her incapable of properly caring for the child. It is also noteworthy that Mr. Gitau sought and received a restraining order against the mother. (*See* Court Order attached to Exhibit "A"). Mr. Gitau has been the only source of financial support for his United States citizen child. Mr. Gitau is the owner/operator of a housecleaning business.

21. On or about February 10, 2005, a hearing was held in Mr. Gitau's removal case. At that hearing Mr. Gitau testified as to his affiliation with the Mungikis sect.

22. On or about February 24, 2005, officers from the DHS appeared at Mr. Gitau's home and took him into custody. It appears that the DHS revoked Mr. Gitau's parole status. However, despite having been counsel of record for an extended period of

time, the undersigned counsel received no notification of that revocation as required pursuant to 8 CFR § 212.5(e)(2).

23. On or about February 25, 2005, the undersigned counsel hand delivered a letter to Respondent Chadbourne requesting that he reconsider detaining Mr. Gitau. *See* attached Exhibit "A".[1]

24. Mr. Gitau's case was transferred to the detained calendar of the Immigration Court in Boston. On or about March 18, 2005, a Master Calendar Hearing was held at the Immigration Court. At that hearing, the DHS informed the IJ that Mr. Gitau's parole had been revoked. The IJ provided to the undersigned counsel, a copy of the parole revocation letter by DHS. *See* attached Exhibit "B".[2]

25. The revocation "notice" states no basis for the revocation.

26. Mr. Gitau remains in DHS custody.

## LEGAL BACKGROUND

27. Inadmissible aliens not found to have a credible fear of persecution are required to be detained pursuant to § 235(b)(1)(B)(iii)(IV) of the Act, 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

28. "[T]the term 'credible fear of persecution' means that there is a significant possibility... that the alien could establish eligibility for asylum under section 208." § 235(b)(1)(B)(v) of the Act, 8 U.S.C. § 1225(b)(1)(B)(v).

29. "...[I]if an alien is able to establish a credible fear of persecution or torture but appears to be subject to one or more of the mandatory bars to applying for, or being

---

[1] A typographical error resulted in misstating the date on the letter to Respondent Chadbourne copied in Exhibit "A".

[2] Exhibit "B" indicates that the revocation notice was sent to Mr. Gitau care of the undersigned counsel. To date, the undersigned counsel has not received the notice stated to have been posted by the DHS.

granted, asylum contained in section 208(a)(2) and 208(b)(2) of the Act, or to withholding of removal contained in section 241(b)(3)(B) of the Act, the Department of Homeland Security shall nonetheless place the alien in proceedings under section 240 of the Act for full consideration of the alien's claim…" 8 C.F.R. § 208.30(e)(5).

30. "If an alien…is found to have a credible fear of persecution or torture, the asylum officer will so inform the alien and issue a Form I-862, Notice to Appear, for full consideration of the asylum and withholding of removal claim in proceedings under section 240 of the Act…*Parole of the alien may be considered… in accordance with section 212(d)(5) of the Act and § 212.5 of this chapter.*" 8 C.F.R. § 208.30(f) (*italics added*).

31. "… *[I]t is [DHS] policy to favor release of aliens found to have credible fear of persecution, provided they do not pose a risk of flight or danger to the community.*" Memorandum from Michael Pearson, INS Executive Associate Commissioner for Field Operations, File No. HQOPS (DDP) 50/10-C, Detention Guidelines Effective October 9, 1998 (Oct. 7, 1998), reproduced in 75 Interpreter Releases 1505, 1523, 1526 (Nov. 2, 1998), 3 Bender's Immigr. Bull. 1114 (Nov. 1, 1998) (*italics added*).

32. It is DHS policy that aliens in removal proceedings, who have established a credible fear of persecution, are to be classified as "Category 4: Low Priority," *i.e.*, the lowest priority for detention. *See Id.*

33. As a person residing in the United States, Mr. Gitau is protected by every clause of the United States Constitution that is not expressly reserved to its citizens. This protection includes the Due Process Clause of the Fifth Amendment, which provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of

law," U.S. CONST. amend. V. *E.g., Plyler v. Doe*, 457 U.S. 202, 210 (1987); *Mathews v. Diaz*, 426 U.S. 67 (1976); *Yamataya v. Fisher*, 189 U.S. 86 (1903).

34. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). This vital liberty interest is at stake when an individual is subject to detention by the INS. *St. John v. McElroy*, 917 F. Supp. 243, 250 (S.D.N.Y. 1996) ("[T]he private interest affected is St. John's liberty interest, which is of the highest constitutional import."); *Leader v. Blackman*, 744 F. Supp. 500, 509 (S.D.N.Y. 1990); *see also Doherty v. Thornburgh*, 943 F. 2d 204, 208 (2d Cir. 1991) (finding that even aliens unlawfully present in the U.S. have a "substantive due process right to liberty during deportation proceedings"), *cert. dismissed, Doherty v. Barr*, 503 U.S. 901 (1992).

35. Substantive due process requires that detention authorized for non-punitive purposes not be "excessive in relation to the regulatory goal Congress sought to achieve." *United States v. Salerno*, 481 U.S. 739, 747 (1987). Substantive due process also forbids action which "shocks the conscience...or interferes with rights 'implicit in the concept of ordered liberty.'" *Id.*, (internal citations omitted).

36. The Fifth Amendment also creates a procedural due process right to be heard at a meaningful time and in a meaningful manner, before a deprivation of liberty occurs. *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

37. Pursuant to 5 U.S.C. § 706 of the APA, a reviewing court shall:
    ...
    (2) hold unlawful and set aside agency action, findings, and
    conclusions found to be—
    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in
    accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;
(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
(D) without observance of procedure required by law;
(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

38. "... [U]pon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole. 8 C.F.R. § 212.5(e)(2)(i).

39. The power of a District Director to grant, refuse, and/or terminate parole is broad but not unlimited. *See Moret v. Karn*, 746 F.2d 989, 993 (3d Cir. 1984) (revocation of parole was an abuse of discretion because of Service's failure to follow internal procedures); *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1390 (10th Cir. 1981) (prolonged detention violated noncitizen's due process rights); *St. John v. McElroy*, 917 F. Supp. 243 (S.D.N.Y. 1996) (the procedures applied by the INS at a parole hearing were insufficient to satisfy Fifth Amendment due process requirements; court remanded case for a second hearing before "an impartial adjudicator"); *Mersereau v. Ingham*, 875 F. Supp. 148 (W.D.N.Y. 1995) (INS' denial of parole was an abuse of discretion because the noncitizen, a former conditional permanent resident, had a reasonable likelihood of succeeding on the merits and would suffer irreparable harm if he could not return to his job in the United States and retrieve his property); *Amanullah v. Nelson*, 811 F.2d 1 (1st

Cir. 1987) (abuse of discretion standard applied in deportation proceedings, facially legitimate standard applied to refusal to grant parole to aliens in exclusion proceedings; however, abuse of discretion standard in *Moret v. Karn, supra*, is cited and distinguished at n.6 as relating to cases involving termination of parole). "IIRAIRA eliminated the statutory distinction between exclusion and deportation cases, treating them both as removal proceedings…, there should no longer be a distinction between 'deportation' and 'exclusion' for habeas corpus review of removal matters."[3]  Charles Gordon, Stanley Mailman, & Stephen Yale-Loehr, Immigration Law and Procedure, at Chapter 104 §104.04[2][c] (Matthew Bender, Release No. 107, 2004).

## FIRST CLAIM FOR RELIEF
### Arbitrary and Capricious Action

40. Mr. Gitau realleges and incorporates by reference each and every allegation contained in the paragraphs 1 through 39 as if set forth fully herein.

41. The DHS is unlawfully detaining Mr. Gitau because its action in terminating his parole status is "arbitrary, capricious, and/or an abuse of discretion."

## SECOND CLAIM FOR RELIEF
### Violation of Regulatory Language and/or Internal Procedures

42. Mr. Gitau realleges and incorporates by reference each and every allegation contained in the paragraphs 1 through 41 as if set forth fully herein.

43. Mr. Gitau established his eligibility for parole under the applicable DHS regulations, procedures, and guidance.  As a result, parole was granted.

---

[3] *See* § 304 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRAIRA) (enacted as Division C of the Omnibus Consolidated Appropriations Act, 1997, Pub. L. No. 104-208, 110 Stat. 3009).

44. No facts or circumstances have arisen which change Mr. Gitau's eligibility for parole as granted.

45. No reason recognized by DHS regulations, procedures, and guidance exists to terminate said parole.

46. DHS has provided no reason recognized by DHS regulations, procedures, and guidance to terminate said parole.

47. As a result, the DHS has violated its own regulations, procedures, and guidance in terminating said parole. Such action is "arbitrary, capricious, and/or an abuse of discretion."

### THIRD CLAIM FOR RELIEF
**Due Process Violation**

48. Mr. Gitau realleges and incorporates by reference each and every allegation contained in the paragraphs 1 through 47 as if set forth fully herein.

49. Mr. Gitau's continued detention violates his right to substantive and procedural due process.

### FOURTH CLAIM FOR RELIEF
**Due Process Violation**

50. Mr. Gitau realleges and incorporates by reference each and every allegation contained in the paragraphs 1 through 49 as if set forth fully herein.

51. Mr. Gitau has been denied his procedural due process right to be heard at a meaningful time and in a meaningful manner, before a deprivation of liberty occurs.

## FITH CLAIM FOR RELIEF
### Due Process Violation

52. Mr. Gitau realleges and incorporates by reference each and every allegation contained in the paragraphs 1 through 51 as if set forth fully herein.

53. 8 C.F.R. § 212.5(e)(2)(i) violates the Fifth Amendment of the United States Constitution and is unconstitutional as it has been applied to Mr. Gitau.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Honorable Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Grant the *Writ of Habeas Corpus* and order the Respondents to release Mr. Gitau forthwith;

3. Declare that the termination of parole by DHS is arbitrary, capricious, an abuse of discretion and/or violates the Fifth Amendment of the United States Constitution;

4. Issue an order enjoining Respondents from detaining Mr. Gitau.;

5. Award to Mr. Gitau reasonable costs and attorneys' fees; and

6. Grant any other and further relief which this Honorable Court deems just and proper.


Dated: April 21, 2005

Respectfully submitted,

Chester J. Winkowski, Esq.
Attorney at Law
191 Merrimack Street - Suite 502
Haverhill, MA 01830
978 374 1680
BBO# 530685

12

# Chester J. Winkowski
Attorney At Law
191 Merrimack Street
Suite 502
Haverhill, Massachusetts
01830
February 10, 2005

Specializing in
Immigration and
Nationality Law

ADMITTED IN MA AND NY

978-374-1680
Fax: 978-374-2098
CWINSLAW@aol.com
www.winkowskilaw.com

Mr. Bruce Chadbourne
Field Office Director
DHS/ICE/DRO
JFK Federal Building – RM 1775
Government Center
Boston, MA  02203

*Re: Samuel M. Gitau*
*A77 954 860*

## PAROLE MATTER

Dear Mr. Chadbourne:

This office represents Mr. Gitau in his immigration matters. The fact of my representation of Mr. Gitau is clearly evident in his file. However, a Form G-28 is submitted herewith.

It appears that, yesterday, officers from your agency appeared at Mr. Gitau's home and took him into custody. While I assume that this action was taken due to a revocation of Mr. Gitau's parole status, I have received no notification of that occurrence as required pursuant to 8 CFR § 1212.5(d)(2).

As is evident from his file, Mr. Gitau has been found to have a credible fear of persecution by an Asylum Officer. As a result, Mr. Gitau was paroled into the United States and jurisdiction of his asylum case vested with the Immigration Court.

To date, no findings have issued that either rescind Mr. Gitau's credible fear finding, or establish that Mr. Gitau is statutorily barred from a grant of asylum in the United States. Mr. Gitau remains entitled to have his claim adjudicated by the Immigration Court. His next scheduled hearing date is June 17, 2005.

Please note that, since his parole, Mr. Gitau has never failed to appear for a scheduled Immigration Court case.

Further, please be aware that Mr. Gitau is the father of a two year old United States citizen child, Joy Gitau. (See attached birth certificate) Mr. Gitau has sole legal and physical custody of that child. (See attached Court Order) The child's mother, Miriam Mpagatwa, has been committed to a state run mental institution, Tewksbury State

Hospital. Even if she were not so committed, she is not legally entitled to custody of the child. I am informed that, in any event, her mental state makes her incapable of properly caring for the child. It is also noteworthy that Mr. Gitau sought and received a restraining order against the mother. (See attached Court Order)

Mr. Gitau is the only source of financial support for his United States citizen child. I am informed that Mr. Gitau's only source of income is a housecleaning business of which he is the sole owner and operator.

Finally, please be aware that Mr. Gitau suffered a serious bout of depression when he was first detained by the INS in 2000. This illness required hospitalization and medication while in Service custody and subsequently thereto. (See "A" File) I fear for Mr. Gitau's health and well-being in detention.

In conclusion, it would appear that the public interest is not to be served by detaining Mr. Gitau at this time. It is hereby requested that Mr. Gitau's parole status be restored and that he be released. I am certain that Mr. Gitau would be happy to comply with any and all conditions that you might place upon his release.

I thank you for your consideration and I look forward to hearing from you.


Sincerely,



Chester J. Winkowski, Esq.

CJW/cmw

Attachments

cc:  Office of the District Counsel


**VIA HAND DELIVERY**



# *Commonwealth of Massachusetts*
## CITY OF LOWELL

## CERTIFICATE RECORD OF BIRTH
** Copy of Record of Birth **

| | |
|---|---|
| Office of the City Clerk: | **Richard C. Johnson** |
| Registered Number: | **2040-2002** |
| Date of Record: | **October 09, 2002** |

## CHILD

Name:  **JOY SAMUEL GITAU**

Date of Birth:  **September 25, 2002**

Time:  **05:39 PM**

Sex:  **Female**

Place of Birth:  **LOWELL, MA**

## MOTHER

Name:  **MIRIAM MPAGATWA BERNARD**

Maiden Surname:  **BERNARD**

Date of Birth:  **December 25, 1972**

Place of Birth:  **ARUSHA, TANZANIA**

Residence:  **LOWELL, MA**

## FATHER

Name:  **SAMUEL MBUGUA GITAU**

Date of Birth:  **December 11, 1968**

Place of Birth:  **NAIROBI, KENYA**

I, the undersigned, hereby certify that I am the Clerk of the City of Lowell; that as such I have custody of the records of births required by law to be kept in my offices; I do hereby certify that the above is a true copy from said records.

WITNESS my hand and the SEAL OF THE CITY OF LOWELL at Lowell on this Thursday, May 01, 2003.

Richard C. Johnson
CITY CLERK OF LOWELL

IT IS ILLEGAL TO ALTER OR REPRODUCE THIS DOCUMENT IN ANY MANNER

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

MIDDLESEX DIVISION                          DOCKET NO:  04W 0213

Samuel M. Gitau, PLAINTIFF

vs.

Miriam Mpagatwa, DEFENDANT

### TEMPORARY ORDER

Pending a hearing on the merits or until further order of the Court, it is ordered that:

1. Legal and Physical Custody (**Joy Gitau D.O.B 9-25-02**) is awarded to the father, Samuel M. Gitau.

2. This order shall be effective immediately upon discontinuance of the custody order entered in the Juvenile Court.

_Edward F. Donnelly, Jr._

Date: March 18, 2004            _____
                                        Edward F. Donnelly, Jr.
                                Justice of the Probate and Family Court

| PLAINTIFF'S NAME | Defendant's Name and Address | Alias, if any |
|---|---|---|
| Samuel M. Gitau | Miriam Mpagatwa | Bernard |

NAME & ADDRESS OF COURT

D
E
F
T.

I
N
F
O.

Miriam Mpagatwa

~~XXXX~~210~~XXXXXXXXXXX~~

Lowell, MA

51 Mannion St. F1-1

Sex ☐ M
☒ F

**Lowell District Court**
**41 Hurd Street**
**Lowell, MA. 01852**

Date of Birth: 12-25-72
SS #: 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

Place of Birth: Tanzania
Daytime Phone #: 978 869-6546

Mother's Maiden Name (First & Last)

Father's Name (First & Last)

## VIOLATION OF THIS ORDER IS A CRIMINAL OFFENSE punishable by imprisonment or fine or both.

**THE COURT HAS ISSUED THE FOLLOWING ORDERS TO THE DEFENDANT:** (only those items checked shall apply)

☐ This Order was issued without advance notice because the Court determined that there is a substantial likelihood of immediate danger of abuse.

☐ This Order was communicated by telephone from the Judge named below to:

Police Dept. _____ Police Officer _____

**1. YOU ARE ORDERED NOT TO ABUSE THE PLAINTIFF** by harming, threatening or attempting to harm the Plaintiff physically or by placing the Plaintiff in fear of imminent serious physical harm, or by using force, threat or duress to make the Plaintiff engage in sexual relations unwillingly.

**2. YOU ARE ORDERED NOT TO CONTACT THE PLAINTIFF,** except as permitted in 8 below or for notification of court proceedings as permitted in this section, either in person, by telephone, in writing or otherwise, either directly or through someone else, and to stay at least _10_ yards away from the Plaintiff even if the Plaintiff seems to allow or request contact. Notification of court proceedings is permissible only by mail, or by sheriff or other authorized officer when required by statute or rule.

**3. YOU ARE ORDERED TO IMMEDIATELY LEAVE AND STAY AWAY FROM THE PLAINTIFF'S RESIDENCE,** except as permitted in 8 below, located at ~~XXXXXXXXXXXXXXXXXXXXXXXXXXX~~ IMPOUNDED whether the Plaintiff is able to know the Plaintiff may reside. The Court also ORDERS you (a) to surrender any keys to that residence to the Plaintiff, (b) not to damage any belongings of the Plaintiff or any other occupant, (c) not to shut off or cause to be shut off any utilities or mail delivery to the Plaintiff, and (d) not to interfere in any way with the Plaintiff's right to possess that residence, except by appropriate legal proceedings.

☐ If this box is checked, the Court also **ORDERS** you to immediately leave and remain away from the entire apartment building or other multiple family dwelling in which the Plaintiff's residence is located.

**4. PLAINTIFF'S ADDRESS IMPOUNDED.** The Court **ORDERS** that the address of the Plaintiff's residence is to be impounded by the Clerk-Magistrate or Register of Probate so that it is not disclosed to you, your attorney, or the public.

**5. YOU ARE ORDERED TO STAY AWAY FROM THE PLAINTIFF'S WORKPLACE** located at _____

**6. CUSTODY OF THE FOLLOWING CHILDREN IS AWARDED TO THE PLAINTIFF:**

|   | D O B |   | N A M E |   | D O B |
|---|---|---|---|---|---|
|   |   |   |   |   |   |

**7. YOU ARE ORDERED NOT TO CONTACT THE CHILDREN LISTED ABOVE OR ANY CHILDREN IN THE PLAINTIFF'S CUSTODY LISTED BELOW,** either in person, by telephone, in writing or otherwise, either directly or through someone else, and to stay at least _____ yards away from them unless you receive written permission from the Court to do otherwise.

☐ You are also ordered to stay away from the following school, day care, other: _____

|   | D O B |   | N A M E |   | D O B |
|---|---|---|---|---|---|
|   |   |   |   |   |   |

**8. VISITATION WITH THE CHILDREN LISTED IN SECTION 6 IS PERMITTED ONLY AS FOLLOWS** (may be ordered by Probate and Family Court only):

☐ Visitation is only allowed if supervised and in the presence of _____ to be paid for by _____

☐ Transportation of children to and from this visitation is to be done by _____

☐ You may contact the Plaintiff by telephone only to arrange this visitation.

*in testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of the District Court of Lowell this _____ at the following JUN 18 2004*

_____ (third party), and not by you.

**CLERK MAGISTRATE**

**9. YOU ARE ORDERED TO PAY SUPPORT** for ☐ the Plaintiff and ☐ your child or children listed above  at the rate of $ _____ per ☐ week or per ☐ _____, beginning _____, 20 _____ ☐ directly to the Plaintiff  ☐ through the Probation Office of this Court  ☐ through the Massachusetts Department of Revenue ☐ by income assignment.

**10. YOU MAY PICK UP YOUR PERSONAL BELONGINGS** in the company of police at a time agreed by the Plaintiff.

**11. YOU ARE ORDERED TO COMPENSATE THE PLAINTIFF** for $ _____ in losses suffered as a direct result of the abuse, to be paid in full on or before _____, 20 _____ ☐ directly to the Plaintiff  ☐ through the Probation Office of this Court.

**12. THERE IS A SUBSTANTIAL LIKELIHOOD OF IMMEDIATE DANGER OF ABUSE. YOU ARE ORDERED TO IMMEDIATELY SURRENDER** to the Lowell _____ Police Department all guns, ammunition, gun licenses and FID cards. Your license to carry a gun, if any, and your FID card, if any, are suspended immediately.

▶ You may ask the Court to change this Order by going to the Court and filing a petition. The Court will schedule a hearing on your petition.
▶ You must immediately surrender the items listed above, and also comply with all other Orders in this case, whether or not you file a petition.
▶ If you need a firearm, rifle, shotgun, machine gun, or ammunition for your job, you may ask for a hearing within two days.

**13. YOU ARE ALSO ORDERED** _____

A Plaintiff must appear at scheduled hearings, or the Order may be vacated. The Defendant may appear, with or without attorney, to oppose any extension or modification of this Order. If the Defendant does not appear, the Order may be extended or modified as determined by the Judge. For good cause, either the Plaintiff or the Defendant may request the court to modify this Order before its scheduled expiration date.

(G.L. c. 209A) Page 2 of 2 | 0311 RO 0876 | TRIAL COURT OF MASSACHUSETTS

Police reports are on file at the _____ Police Department.

15. OUTSTANDING WARRANTS FOR THE DEFENDANT'S ARREST: 0311CR5290
(DOCKET #s) _____ (PCF #)

16. An imminent threat of bodily injury exists to the petitioner. Notice issued to _____ Police
Department(s) by □ telephone □ other _____

## B. NOTICE TO LAW ENFORCEMENT.

1. An appropriate law enforcement officer shall serve upon the Defendant in hand a copy of the Complaint and a certified copy of this Order (and Summons), and make return of service to this Court. If this box is checked ☐ service may instead be made by leaving such copies at the Defendant's address shown on Page 1 but only if the officer is unable to deliver such copies in hand to the Defendant.
2. Defendant Information Form accompanies this Order.
3. Defendant has been served in hand by the Court's designee:  Name _____ Date _____

| DATE OF ORDER -29-03 | TIME OF ORDER 11 15 | ☑ A.M. ☐ P.M. | EXPIRATION DATE OF ORDER 8-12-03 at 4 P.M. | NEXT HEARING DATE: 8-12-03 at 8:30 ☑ A.M. ☐ P.M. in Courtroom |

The above and any subsequent Orders expire on the expiration dates indicated. Hearings on whether to continue and/or modify Orders will be held on dates and times indicated.

SIGNATURE/NAME OF JUDGE _Thomas C. Lowry_

## C. PRIOR COURT ORDER EXTENDED.

After a hearing at which the Defendant ☐ appeared ☑ did not appear, the Court has ORDERED that the prior Order dated 7-29, 2003 shall continue in effect until the next expiration date below ☑ without modification
☐ with the following modification(s): _____

_NO SERVICE AS OF 8-12-03_

☐ Return of items ordered surrendered or suspended in A.12. on Page 1 presents a likelihood of abuse to the Plaintiff.

| DATE OF ORDER 8-12-03 | TIME OF ORDER 10:40 | ☑ A.M. ☐ P.M. | EXPIRATION DATE OF ORDER 8-26-03 at 4 P.M. | NEXT HEARING DATE: 8-26-03 at 9:00 ☑ A.M. ☐ P.M. in Courtroom |

SIGNATURE/NAME OF JUDGE _Michael C. Pomarole_    Warrant 0311CR5290

## D. FURTHER EXTENSION.

After a hearing at which the Defendant ☐ appeared ☑ did not appear, the Court has ORDERED that the prior Order dated 8-12, 2003 shall continue in effect until the next expiration date below ☑ without modification
☐ with the following modification(s): _No service as of 8-26_

☑ Return of items ordered surrendered or suspended in A.12. on Page 1 presents a likelihood of abuse to the Plaintiff. _NO WARRANT  0311 CR 5290_

| DATE OF ORDER 8-26-03 | TIME OF ORDER 9:T | ☐ A.M. ☐ P.M. | EXPIRATION DATE OF ORDER 9-09-03 at 4 P.M. | NEXT HEARING DATE: 9-09-03 at 9 ☑ A.M. ☐ P.M. in Courtroom |

SIGNATURE/NAME OF JUDGE

## E. PRIOR COURT ORDER MODIFIED.

Upon motion by the ☐ Plaintiff ☐ Defendant and after a hearing at which the Plaintiff ☐ appeared ☐ did not appear and the Defendant ☑ appeared ☐ did not appear, the Court has ORDERED that the prior Order dated _____

## D. FURTHER EXTENSION.

After a hearing at which the Defendant ☐ appeared ☑ did not appear

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and the impressed seal of the District Court of Lowell this _____ day of JUN 1 8 2004

_____
CLERK MAGISTRATE

## C. PRIOR COURT ORDER EXTENDED.

After a hearing at which the Defendant ☐ appeared ☑ did not appear, the Court has ORDERED that the prior Order dated 3-5-04 shall continue in effect until the next expiration date below ☑ without modification
☐ with the following modification(s): *In hand service was made on 3-12-04

☐ Return of items ordered surrendered or suspended in A.12. on Page 1 presents a likelihood of abuse to the Plaintiff.

| DATE OF ORDER 3-19-04 | TIME OF ORDER 9:50 | ☑ A.M. ☐ P.M. | EXPIRATION DATE OF ORDER 3-19-05 at 4 P.M. | NEXT HEARING DATE: 3-19-05 at 8:30 ☑ A.M. ☐ P.M. in Courtroom |

SIGNATURE/NAME OF JUDGE

WITNESS, FIRST JUSTICE CHIEF JUSTICE
Neil J. Walker

A true copy. Attest (Asst.) Clerk Magistrate/(Asst.) Register of Probate

# COMMONWEALTH OF MASSACHUSETTS
## CITY OF LOWELL

GIS #:    12525

Block:
Lot:
Permit:    Home Occupation
Category:    Home Occupation

**HOME OCCUPATION PERMIT**

PERMISSION IS HEREBY GRANTED TO:

*Contractor:*                    *License:*
Homeowner or Contractor

*Owner:* John Abraha

*Applicant:* Samuel

# of Fixtures

ISSUED ON:    AMENDED ON:    EXPIRES ON:

## TO PERFORM THE FOLLOWING WORK:

Home Occupation Permit - Household Cleaning Business - Household Cleaning Supplies Only/No Industrial Storage of equipment

## THIS PERMIT MAY BE REVOKED BY THE CITY IN COMPLIANCE WITH ITS RULES AND REGULATIONS.

Primary conditions as listed in the City of Lowell Zoning Ordinance:

1.   No Employees reporting to work
2.   ...
3.   No deliveries made to residential address
4.   No Advertising of residential address
5.   No use of your current principal building
6.   No Signage, if any, are allowed
7.   No Business Vehicles at residential address

Signature of Approve Recipient

By signature of this document, applicant swears or affirms, under the penalties of perjury that the information is true and correct to the best of their knowledge.

Signature:



**U.S. DEPARTMENT OF HOMELAND SECURITY**
## Immigration & Customs Enforcement
Detention & Removal Operations
New England Field Office

---

*JFK Federal Building*
*Government Center*
*Boston, MA. 02203*

February 23, 2005                          A77 954 860

Samuel Nbugua GITAU
c/o Chester J. Winkowski
Attorney At Law
191 Merrimack Street, Suite 502
Haverhill, Massachusetts 01830

You are hereby notified that the Immigration and Customs Enforcement (ICE) office has revoked your Humanitarian Parole status. You will be taken and remain in ICE custody until a final decision has been made in your case.

Sincerely

Bruce E. Chadbourne
Field Office Director/DRO
New England Field Office

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

GITAU, Samuel

**(b)** County of Residence of First Listed Plaintiff   Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Chester J. Winkowski, Atty. at Law
191 Merrimack Street, Suite 502
Haverhill, MA  01830  978-374-1680

## DEFENDANTS

Department of Homeland Security, Immigration and Customs Enforcement, CHADBOURNE, Bruce,

County of Residence of First Listed Defendant   Fld.Off.Dir,et.al.
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

05 10803 GAO

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 2241
Brief description of cause:
Unlawful detention - Removal Proceedings

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   4/21/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)_____ GITAU V. CHADBOURNE_____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

|   | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. | |
|---|----|----|----|
| [X] | II. | 530<br>195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121<br>for patent, trademark or copyright cases |
|   | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. | |
|   | IV. | 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. | |
|   | V. | 150, 152, 153. | |

# 05 - 10803 GAO

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]    NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]    NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]    NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [X]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Chester J. Winkowski

ADDRESS   191 Merrimack Street, Suite 502, Haverhill   MA   01830

TELEPHONE NO.   978-374-1680

(CategoryForm.wpd  - 2/15/05)