```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS

SAMUEL GITAU                      )
                                  )
            Petitioner            )
                                  )         Civil Action No.
       v.                         )         05cv10803-GAO
                                  )
BRUCE CHADBOURNE, FIELD OFFICE    )
DIRECTOR, BUREAU OF IMMIGRATION   )
AND CUSTOMS ENFORCEMENT, ET AL.   )
                                  )
            Respondents[1]        )
```

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**PRELIMINARY STATEMENT**

Petitioner has filed a habeas corpus action challenging his present detention by respondent as an abuse of discretion and constitutional violation. Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition"), pp. 10-12.

Petitioner does not challenge his non-final administrative removal order, which was entered after the filing of this petition. Any eventually available judicial review of any final administrative order of removal would be available only in the First Circuit Court of Appeals.

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

In summary, section 236(e) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(e), expressly bars judicial review of the parole revocation decision complained of by petitioner. 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of parole."). Cf. Kamara v. Farquharson, 2 F. Supp.2d 81, 87-88 (D. Mass. 1998) (Saris, D.J.) (where §§ 1226(e) or 1252(a)(2)(B) applies it "strips all courts of jurisdiction to review any decision by the Attorney General regarding the detention of any alien under any circumstances."). See also Loa-Herrera v. Trominski, 231 F.3d 984, 991 (5th Cir. 2000)(recognizing literal reach of INA section 236(e) as barring review of immigration parole determinations); Parra v. Perryman, 172 F.2d 954, 957 (7th Cir. 1999)(INA section 236(e) "deals with challenges to operational decisions, rather than to the legislation establishing the framework for those decision.").

Moreover, it is now also plain that under recent amendments to the INA made by the REAL ID Act of 2005,[2] section 242(a)(2)(B)(ii) of the INA, 8 U.S.C. § 1252(a)(2)(B)(ii), now

---

[2] The Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, (H.R. 1268), which includes the REAL ID Act of 2005, Division B of Title VII of H.R. 1268, 109th Cong. (2005), Pub. L. No. 109-13, Div. B, 119 Stat. 231.

provides that "no court shall have jurisdiction to review" the discretionary determination of the Department of Homeland Security to revoke his parole. Cf. Kamara, supra.

To whatever extent petitioner's claims of constitutional violation are not also statutorily barred for lack of subject matter jurisdiction, the claims are meritless and fail to state a claim upon which relief may be granted.

Respondent therefore moves to dismiss this action for lack of subject matter jurisdiction and alternatively for failure to state a claim upon which relief may be granted.

## FACTS AND BACKGROUND

Petitioner is a native and citizen of Kenya who was intercepted by Immigration Inspectors attempting to enter the United States on August 5, 2000, by using the passport and visa of another. Petitioner claimed a fear of persecution in Kenya, and ultimately was placed into removal proceedings by way of an administrative Notice to Appear dated August 21, 2000, for his case to be heard before an Immigration Judge.

In removal proceedings before the Immigration Judge petitioner was charged with being an arriving alien inadmissible under INA section 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), and INA section 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), as an alien immigrant not in possession of an immigrant visa or other required document, and as an alien who

attempted entry to the United States by fraud or willfully misrepresenting a material fact, respectively.

On October 5, 2000, petitioner was paroled out of the custody of the former Immigration and Naturalization Service ("INS") in the exercise of administrative discretion.

Petitioner's applications for asylum, withholding of removal, and deferral of removal under the Convention against Torture ("CAT")[3] proceeded before the Immigration Judge. In particular, at a hearing before the Immigration Judge on February 10, 2005, petitioner testified as to certain of his activities in Kenya, viz., that petitioner had participated personally or assisted in the persecution of others on the basis of social group.[4] See 8 U.S.C. § 1101(a)(42) (definition of

---

[3] Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85. The United States ratified the convention in 1994 and, in 1998, Congress passed legislation to implement the convention's requirement that "[n]o state ... expel, return ('refouler') or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture," id. art. 3, S 1. Foreign Affairs Reform and Restructuring Act of 1998 § 2242, Pub.L. No. 105-277, 112 Stat. 2681- 761, -822 to -823 (1998) (codified at 8 U.S.C. § 1231 note (Supp. V 1999)). See generally Foroglou v. Reno, et al., 241 F.3d 111 (1st Cir. 2001).

[4] Petitioner testified before the Immigration judge that he had threatened to kill others who would not join his sect, and that he had assisted in acts such as beating others, and forcing others to drink goat's blood and their own urine. Petitioner also testified that he assisted in forcing uncircumcised males to undergo circumcision in unsterile outdoor conditions without

4

"refugee" for purposes of establishing eligibility for asylum under 8 U.S.C. § 1158(b)(1) does not include an alien determined to have "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion."). See also 8 U.S.C. § 1158(b)(2) (excepting from general asylum eligibility any alien who "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion.").

On February 23, 2005, subsequent to petitioner's revelatory testimony in removal proceedings concerning his persecutory activities in Kenya, respondent revoked petitioner's parole and took him back into the custody of the Bureau of Immigration and Customs Enforcement ("ICE").  See Attachment A.

On June 16, 2005, the Immigration Judge at the conclusion of petitioner's removal hearings denied petitioner's applications for asylum, and withholding of removal,[5] finding

---

anesthesia, and assisted in turning over many women to his tribe to undergo female circumcision (Female Genital Mutilation or "FGM").

[5] 8 U.S.C. § 1231(b)(3)(B)(i), also, bars the relief of withholding of removal for any alien who "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion."

5

that petitioner was barred from such relief because he had assisted in the persecution of others upon the basis of social group, religion and ethnicity. Petitioner's application for protection under the CAT was also denied, and petitioner was ordered removed to Kenya. Petitioner may appeal the removal order of the Immigration Judge to the Board of Immigration Appeals, if he does so by July 16, 2005.

Petitioner remains in ICE custody as an arriving alien pending a final determination of removability.

### ARGUMENT

I. THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION TO REVIEW PETITIONER'S CHALLENGE TO REVOCATION OF HIS PAROLE.

Petitioner concedes that he is an arriving alien, and that his custody status is controlled by the parole provisions of section 212(d)(5) of the Immigration and Nationality Act ("INA). Petition, pp. 3, 4. Moreover, petitioner does not seriously dispute that his parole from ICE custody was revoked by respondent on February 23, 2005, Petition, p. 5, and in fact petitioner has attached a copy of that revocation notice to his Petition.

Because petitioner is an arriving alien placed into removal proceedings, his detention is directed by INA section 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A). ("[I]f the examining immigration officer determines that an alien seeking admission

6

is not clearly and beyond a doubt entitled to be admitted, the alien <u>shall be detained</u> for a [removal] proceeding under [INA] section 240") (emphasis added). See also 8 C.F.R. § 235.3(c)("any arriving alien who appears to the inspecting officer to be inadmissible, and who is placed in removal proceedings pursuant to section 240 of the [INA] <u>shall be detained</u> in accordance with section 235(b) of the [INA]. <u>Parole of such alien shall only be considered in accordance with § 212.5(b) of this chapter</u>.") (emphasis added).

Parole from detention of such arriving aliens in removal proceedings, then, is as a matter of discretion under INA section 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A).[6] See <u>Amanullah v. Nelson</u>, 811 F.2d 1 (1st Cir. 1987)("Congress has authorized the Attorney General, in his discretion, to grant parole to any

---

[6] 8 U.S.C. § 1182(d)(5)(A):

> The Attorney General may . . . <u>in his discretion</u> parole into the United States temporarily under such conditions as he may describe on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, <u>in the opinion of the Attorney General</u>, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

(Emphasis added).

7

nonadmitted alien when the Attorney General deems such lenity to be in the public interest."). It is further provided by statute under 8 U.S.C. § 1226(b) that "[t]he Attorney General at any time may revoke a bond or parole", and detain the alien.

Judicial review of administrative discretionary decisions regarding parole is flatly barred by statute. INA section 236(e), 8 U.S.C. § 1226(e) declares:

> JUDICIAL REVIEW.- The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, <u>revocation</u>, or denial of bond or <u>parole</u>.

(Emphasis added).

In <u>Demore v. Kim</u>, 123 S.Ct. 1708, 1714 (2003), the Supreme Court held that INA section 236(e) was ineffective to bar a constitutional challenge to a mandatory detention provision of law, *because that claim did not seek review of a discretionary judgment*. "But respondent does not challenge a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release. Rather, respondent challenges the statutory framework that permits his detention without bail." <u>Demore v. Kim</u>, 123 S.Ct. at 1714. <u>See</u> <u>St. Fort v. Ashcroft</u>, 329 F.3d 191, 200 (1st Cir. 2003) (remarking that Supreme Court holding in <u>Kim</u> that

8

jurisdiction limiting provisions of 8 U.S.C. § 1226(e) applied "only to review of the Attorney General's discretionary judgment.").

Moreover, under amendments to the INA made by the REAL ID Act of 2005 to section 242(a)(2)(B)(ii) of the INA, 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review" the discretionary determination of the Department of Homeland Security to revoke petitioner's parole.

Prior to the RIDA amendments to the INA it was widely held that the absence of an explicit reference to habeas corpus jurisdiction under 28 U.S.C. § 2241 in prior Congressional efforts to limit judicial review was ineffective to restrict such habeas corpus review. See e.g. Goncalves v. Reno, et al., 144 F.3d 110, 120 (1st Cir. 1998), cert. denied 526 U.S. 1004, ("any repeal of the federal courts' historic habeas jurisdiction must be explicit and make express reference specifically to the statute granting jurisdiction."); Mahadeo v. Reno, et al., 226 F.3d 3, 10 (1st Cir. 2000) (pre-RIDA judicial review provisions for removal orders "lack the clear statement of the congressional intent necessary to eliminate habeas review.").

However, by the enactment of RIDA Congress has now unequivocally eliminated habeas corpus review of all discretionary decisions, inter alia, of the Attorney General and the Secretary of Homeland Security relating to immigration

9

matters, "regardless of whether the judgment, decision, or action is made in removal proceedings". 8 U.S.C. § 1252(a)(2)(B). RIDA sections 101(f)(1) and (2) and RIDA section 106(a)(1)(A)(ii) have now amended INA section 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), to provide:

> 242(a)(2)(B) DENIALS OF DISCRETIONARY RELIEF.-
>
> Notwithstanding any other provision of law (statutory or nonstatutory) <u>including section 2241 of title 28, United States Code</u>, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, <u>no court shall have jurisdiction to review</u>-
>
> * * *
>
> (ii) any other <u>decision or action</u> of the Attorney General or the Secretary of homeland security the authority for which is specified under this title to be in the <u>discretion</u> of the Attorney General or the Secretary of homeland security other than the granting of relief under section 208(a).

(Emphasis added).

Because the authority governing petitioner's parole from detention and revocation of parole at 8 U.S.C. § 1182(d)(5)(A)[7] is specified to be in the discretion of the Attorney General, respondent's parole revocation is a "decision or action of the Attorney General or the Secretary of homeland security the authority for which is specified under this title to be in the

---

[7] <u>See</u> n.5.

10

discretion of the Attorney General or the Secretary of homeland security". 8 U.S.C. § 1252(a)(2)(B)(ii).

Accordingly, pursuant to INA sections 236(e) and 242(a)(2)(B), 8 U.S.C. §§ 1226(e) and 1252(a)(2)(B), the Court lacks jurisdiction to review the administrative discretionary revocation of petitioner's parole made subsequent to petitioner's testimony disclosing his persecutory activities in Kenya.

II. THE PETITIONER'S CLAIMS OTHERWISE LACK MERIT AND FAIL TO STATE ANY CLAIM UPON WHICH MAY BE GRANTED.

Even if discretionary parole decisions were reviewable, petitioner's claims lack merit. Petitioner bases much of his argument on the fact that he initially was found by an asylum officer to have stated a "credible fear" of persecution. Petition, pp. 6-7. However, since the filing of this habeas action the petitioner has now been fully heard on his asylum claim before an Immigration Judge in evidentiary proceedings, and has in fact had his asylum and other relief applications denied by the Immigration Judge. See Attachment B.

Inasmuch as petitioner relies upon 8 U.S.C. § 1225(b)(1)(B)(v) defining "credible fear" as meaning a significant possibility "that the alien could establish eligibility for asylum", the Immigration Judge's denial of the

11

petitioner's asylum application for being a persecutor has now hoist petitioner with his own petard.

Nor has petitioner stated any cognizable constitutional claim of unlawful detention. Petitioner does not assert any claim of indefinite post-removal order detention (he is not subject to any final removal order as of this filing) such as was recognized in Zadvydas v. Davis, et al., 533 U.S. 678, 701 (2001). What is more, detention of aliens pending a final determination of removability -- even statutorily prescribed mandatory detention without the possibility of discretionary parole, unlike petitioner's situation -- has been recognized by the Supreme Court as constitutionally permissible. Demore v. Kim, 123 S.Ct. 1708 (2003). The Kim Court cited to its own holding in Carlson v. Landon, 343 U.S. 524 (1952), which Kim said "rejected the aliens' claim that they were entitled to be released from detention if they did not pose a flight risk, explaining '[d]etention is necessarily a part of this deportation procedure'", quoting Carlson v. Landon, 343 U.S. at 538. Demore v. Kim, supra, 123 S.Ct. at 1718. As the Court in Kim noted, Carlson v. Landon had "concluded that the INS could deny bail to the detainees 'by reference to the legislative scheme' even without any finding of flight risk.'". Demore v. Kim, supra, at 1718.

Moreover, even under pre-RIDA habeas jurisprudence in this circuit, habeas proceedings would not lie for review of administrative discretionary determinations in immigration matters. St. Fort v. Ashcroft, 329 F.3d 191, 202 (1st Cir. 2003)("if a statute makes an alien eligible to be considered for a certain form of relief, he may raise on habeas the refusal of the agency to even consider him. But he may not challenge the agency's decision to exercise or not exercise its discretion to grant relief.").

Finally, even before the creation of and amendment to the current jurisdictional bars of INA sections 236(e) and 242(a)(2)(B), 8 U.S.C. §§ 1226(e) and 1252(a)(2)(B), see ARGUMENT, Part I, supra, First Circuit law had squarely held that there is no violation of due process inherent in the exercise by immigration officials of the power to deny parole pending resolution of asylum proceedings, and that discretionary administrative parole determinations made in cases of arriving aliens who were detained pending the outcome of there asylum applications were not reviewable for abuse of discretion. Amanullah v. Nelson, 811 F.2d at 9-10.

## CONCLUSION

For all the reasons set out above, the court should dismiss the petition and deny all relief requested.

```
                         Respectfully submitted,

                         MICHAEL J. SULLIVAN
                         United States Attorney

                    By:  s/Frank Crowley
                         FRANK CROWLEY
                         Special Assistant U.S. Attorney
                         Department of Homeland Security
                         P.O. Box 8728
                         J.F.K. Station
                         Boston, MA 02114
                         (617) 565-2415
```

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on July 15, 2005.

```
                         s/Frank Crowley
                         FRANK CROWLEY
                         Special Assistant U.S. Attorney
                         Department of Homeland Security
                         P.O. Box 8728
                         J.F.K. Station
                         Boston, MA 02114
```

ATTACHMENT A



**U.S. DEPARTMENT OF HOMELAND SECURITY**
## Immigration & Customs Enforcement
Detention & Removal Operations
New England Field Office

---

*JFK Federal Building*
*Government Center*
*Boston, MA. 02203*

February 23, 2005                                                 A77 954 860

Samuel Nbugua GITAU
c/o Chester J. Winkowski
Attorney At Law
191 Merrimack Street, Suite 502
Haverhill, Massachusetts 01830

You are hereby notified that the Immigration and Customs Enforcement (ICE) office has revoked your Humanitarian Parole status. You will be taken and remain in ICE custody until a final decision has been made in your case.

Sincerely,

*[signature]*

Bruce E. Chadbourne
Field Office Director/DRO
New England Field Office

ATTACHMENT B

```
                    UNITED STATES IMMIGRATION COURT
                       JFK FEDERAL BLDG., ROOM 320
                          BOSTON, MA  02203-0002

IN THE REMOVAL CASE OF                       CASE NO.: A77-954-860
GITAU, SAMUEL NBUGUA
RESPONDENT

                              ORDERS

[✓] This is a memorandum of the Court's Decision and Orders entered on
    ___6/16/05_____. This memorandum is solely for the
    convenience of the parties. The oral or written Findings, Decision
    and Orders is the official opinion in this case. (—) Both parties
    waived issuance of a formal oral decision in the case.
[ ] The respondent was ordered REMOVED from the United States to
    _____ ( ) in absentia.
[ ] Respondent's application for VOLUNTARY DEPARTURE was DENIED and
    respondent was ordered removed to _____, in the
    alternative to _____.
[ ] Respondent's application for VOLUNTARY DEPARTURE was GRANTED until
    _____, upon posting a voluntary departure bond in the amount
    of $_____ to INS within five business days from the date of this
    Order, with an alternate Order of removal to _____
    or _____. Respondent shall present to INS within
    ( ) thirty days ( ) sixty days from the date of this Order, all
    necessary travel documents for voluntary departure.
[✓] Respondent's application for ASYLUM was (—) granted (✓) denied.
    (—) withdrawn with prejudice.
    (—) subject to the ANNUAL CAP under the INA section 207(a)(5).
    (—) Respondent knowingly filed a FRIVOLOUS asylum application.
[✓] Respondent's application for WITHHOLDING of removal under INA
    section 241(b)(3) was (—) granted (✓) denied. (—) withdrawn with
    prejudice.
[✓] Respondent's application for WITHHOLDING of removal under the Torture
    Convention was (—) granted (✓) denied. (—) withdrawn with prejudice.
[✓] Respondent's application for DEFERRAL of removal under the Torture
    Convention was (—) granted (✓) denied. (—) withdrawn with prejudice.
[ ] Respondent's application for CANCELLATION of removal under section
    ( ) 203(b) of NACARA, ( ) 240A(a) ( ) 240A(b)(1) ( ) 240A(b)(2)
    of the INA, was ( ) granted ( ) denied ( ) withdrawn with prejudice.
    If granted, it was ordered that the INS issue all appropriate documents
    necessary to give effect to this Order. Respondent ( ) is ( ) is not
    subject to the ANNUAL CAP under INA section 240A(e).
[ ] Respondent's application for a WAIVER under the INA section
    _____ was ( ) granted ( ) denied ( ) withdrawn or
    ( ) other _____. ( ) The conditions imposed by
    INA section 216 on the repondent's permanent resident status were removed.
[ ] Respondent's application for ADJUSTMENT of status under section _____
    of the ( ) INA ( ) NACARA ( ) _____ was
    ( ) granted ( ) denied ( ) withdrawn with prejudice. If granted,
    it was ordered that INS issue all appropriate documents necessary to
    give effect to this Order.
AP1
```

CASE NUMBER: 77-954-860                                RESPONDENT: GITAU, SAMUEL NBUGUA

[ ] Respondent's status was RESCINDED pursuant to the INA section 246.
[ ] Respondent's motion to WITHDRAW his application for admission was
    ( ) granted ( ) denied. If the respondent fails to abide by any of
    the conditions directed by the district director of INS, then the
    alternate Order of removal shall become immediately effective without
    further notice or proceedings: the respondent shall be removed from
    the United States to _____.
[ ] Respondent was ADMITTED as a _____ until
    _____. As a condition of admission, the respondent was
    ordered to post a $ _____ bond.
[ ] Case was ( ) TERMINATED ( ) with ( ) without prejudice
    ( ) ADMINISTRATIVELY CLOSED.
[ ] Respondent was orally advised of the LIMITATION on discretionary
    relief and consequences for failure to depart as ordered.
    [ ] If you fail to voluntarily depart when and as required, you shall
    be subject to civil money penalty of at least $1,000, but not more than
    $5,000, and be ineligible for a period of 10 years for any further
    relief under INA sections 240A, 240B, 245, and 248 (INA Section 240B(d)).
    [ ] If you are under a final order of removal, and if you willfully fail
    or refuse to 1) depart when and as required, 2) make timely application
    in good faith for any documents necessary for departure, or 3) present
    yourself for removal at the time and place required, or, if you conspire
    to or take any action designed to prevent or hamper your departure, you
    shall be subject to civil money penalty of up to $500 for each day under
    such violation. (INA section 274D(a)). If you are removable pursuant
    to INA 237(a), then you shall further be fined and/or imprisoned for up
    to 10 years. (INA section 243(a)(1)).
[ ] Other:
    _____
    _____

Date: Jun 16, 2005                    _Patricia Sheppard_
                                      PATRICIA SHEPPARD, Judge

APPEAL: ( ) ~~waived~~ (✓) reserved    by ( ) ~~Respondent~~ ( ) ~~INS~~ (✓) Both

DUE BY:

---
                    CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: [ ] MAIL      [✓] PERSONAL SERVICE
TO: [✓] INS [✓] ALIEN [✓] Alien's ATT/~~REP~~ [ ] ALIEN c/o Custodial Officer
DATE: 6/16/05 BY: [ ] COURT STAFF [✓] JUDGE _____

Y2
Y2