UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SAMUEL GITAU                          )
                                      )
            Petitioner                )
                                      )    Civil Action No.
      v.                              )    05cv10803-GAO
                                      )
BRUCE CHADBOURNE, FIELD OFFICE        )
DIRECTOR, BUREAU OF IMMIGRATION       )
AND CUSTOMS ENFORCEMENT, ET AL.       )
                                      )
            Respondents[1]            )

RESPONDENT'S REPLY TO PETITIONER'S OPPOSITION AND MEMORANDUM OF
LAW IN SUPPORT OF OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

Respondent seeks leave of Court to reply to Petitioner's Opposition and Memorandum of Law in Support of Opposition to Respondent's Motion to Dismiss ("Petitioner's Opposition").

Petitioner's recitation of his version of his asylum claim, Petitioner's Opposition, pp. 1-4, has already been heard, adjudicated, and denied by the Immigration Judge, and is now on administrative appeal at the Board of Immigration Appeals ("BIA"). If petitioner is unhappy with any decision of the BIA on appeal, petition may seek judicial review of that decision only at the First Circuit Court of Appeals.

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

Petitioner's citation of authorities attempting to answer the statutory review bar of 8 U.S.C. § 1226(e) is unavailing inasmuch as it relies upon case law existing *prior to* the Real ID Act ("RIDA") amendments. Petitioner's attempt to deconstruct the RIDA amendments in support of his assertion that the RIDA amendments "do not reach [8 U.S.C.] § 1226(e)", Petitioner's Opposition, p.7, also fails. Respondent has never disputed that such habeas corpus review of pure detention claims as has been recognized by the Supreme Court continues to exist in the district court. But petitioner raises no such claim. Cf. Demore v. Kim, 123 S.Ct. 1708, 1714 (2003); Zadvydas v. Davis, et al., 533 U.S. 678, 701 (2001).

Moreover, it is plain that the RIDA amendments are not restricted to review of removal orders. See e.g. RIDA sections 101(f)(1) and (2), and RIDA section 106(a)(1)(A)(ii)(removing jurisdiction to review administrative discretionary "decisions or action[s]" and "regardless of whether the judgment, decision, or action is made in removal proceedings."

RIDA sections 101(f)(1) and (2) and RIDA section 106(a)(1)(A)(ii) have now amended INA section 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), to provide:

> 242(a)(2)(B) DENIALS OF DISCRETIONARY RELIEF.-
>
> Notwithstanding any other provision of law (statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus

2

>  provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and <u>regardless of whether the judgment, decision, or action is made in removal proceedings</u>, no court shall have jurisdiction to review–
>
> * * *
>
> (ii) any other <u>decision or action</u> of the Attorney General or the Secretary of homeland security the authority for which is specified under this title to be in the <u>discretion</u> of the Attorney General or the Secretary of homeland security other than the granting of relief under section 208(a).

(Emphasis added).

Petitioner's digression relating to "deportation and exclusion cases [that] remain on Immigration Court dockets", Petitioner's Opposition at 9, is inapposite because since September 1996 it has been the law that "any reference in law to an order of removal shall be deemed to include a reference to an order of exclusion and deportation or an order of deportation." IIRIRA[2] section 309(d)(2). Petitioner's assertion that these RIDA amendments do "nothing more than recognize that there that there are contexts beyond 'removal proceedings' within which the delineated requests for discretionary relief may be granted," Petitioner's Opposition, p. 8, is simply whistling past the graveyard.

---

[2] Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3546 (September 30, 1996).

In fact, the amendments literally declare that there is no jurisdiction for this Court to review administrative decisions or actions specified by statute to be in the discretion of the Attorney General or the Secretary of Homeland Security.

Accordingly, petitioner's assertion that "[n]othing in the Real ID Act states or suggests that habeas jurisdiction over matters of detention, including that resulting from a parole determination, is eliminated", Petitioner's Opposition at 9, is frankly baffling.

The final leg of Petitioner's Opposition, pp. 10-16, essentially relies upon the straw premise that the ICE Field Officer Director revoking petitioner's parole did so upon a flawed understanding of asylum law. Petitioner's Opposition, p. 11.

Petitioner seeks now to characterize respondent's position as "that the petitioner is ineligible for consideration for parole because he was ordered removed by the IJ" upon a finding that petitioner was ineligible for asylum and thus, necessarily, there was no "significantly possibility" that he could establish eligibility for that relief. Petitioner's Opposition, p. 11. However, this observation by respondent was in response to petitioner's own argument -- made on petition prior to the denial of his asylum claim by the Immigration Judge -- that an earlier pre-hearing administrative determination of "significant

4

possibility" for success on the asylum claim should mandate his continuing parole from custody. Petition for Writ of Habeas Corpus, p. 7. Specifically, respondent answered petitioner's position saying, "[i]nasmuch as petitioner relies upon" the earlier, pre-hearing, credible fear finding in his asylum case to justify a case for parole from custody, "the Immigration Judge's denial of the petitioner's asylum application for being a persecutor has now hoist petitioner with his own petard." Memorandum of Law in Support of Motion to Dismiss, pp. 11-12.

The authority to terminate a parole not necessarily require any extended analysis of petitioner's failed asylum claim, but only that "in the opinion of" the administrative decision-maker, parole is no longer warranted.[3] Petitioner's complaint that the ICE Field Office Director's notice of revocation of parole

---

[3] 8 U.S.C. § 1182(d)(5)(A):

> The Attorney General may . . . <u>in his discretion</u> parole into the United States temporarily under such conditions as he may describe on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, <u>in the opinion of the Attorney General</u>, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

(Emphasis added).

5

"provides no reason for the revocation despite the 8 C.F.R. 212.5(e)(2)'s listing of reasons", is self-defeating. The only listed reasons by regulation at 8 C.F.R. § 212.5(e)(2)(i) requiring notice-based revocation of parole are when the purpose of parole has been accomplished, or when "in the opinion of one of the officials [authorized to grant parole], neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien".

In petitioner's case then -- which on its face states that petitioner's "Humanitarian Parole status" is revoked -- the issuance of the written parole revocation could only be because "in the opinion of [the ICE Field Office Director] neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States". 8 C.F.R. § 212.5(e)(2)(i). Therefore the issuance of the written parole revocation ipso facto conveys the reason for the revocation.

Petitioner's additional objection that without additional reasoning in the notice "the distinction between cases requiring notice and those that do not would be completely meaningless", Petitioner's Opposition, p. 14, makes no sense. The distinctions are set out by the plain terms of 8 C.F.R. § 212.5(e)(1), and (2). Under section 212.5(e)(1), parole termination is automatic without notice when a paroled alien

6

departs the United States, or upon the expiration of the time certain authorized for parole. In all other cases "not covered by paragraph (e)(1) . . . parole shall be terminated upon written notice". 8 C.F.R. § 212.5(e)(2)(i). No distinction between the two categories of cases is lost by the written parole termination issued in petitioner's case.

In the end, even if the discretionary termination of parole in petitioner's case (after his testimony before the Immigration Judge revealing his persecutory activities against others in Kenya) *were* reviewable, the termination was based upon "the opinion of the [ICE Field Office Director that] neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States", 8 C.F.R. § 212.5(e)(2)(i), and so is based upon a facially legitimate and bonafide reason, contrary to petitioner's assertion. Petitioner's Opposition, p. 15. But see Prado v. Reno, 198 F.3d 286, 292 (1st Cir. 1999)("The regulation prescribes no standards or guidelines for this exercise of discretion, and, therefore, it is not subject to review in this court."); Luis v. I.N.S., 196 F.3d 36, 41 (1st Cir. 1999)("review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.").

## CONCLUSION

For all the reasons set out above, the court should dismiss the petition and deny all relief requested.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on August 22, 2005.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114