UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL GITAU ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No. |
| v. ) | 05cv10803-GAO |
| ) | |
| BRUCE CHADBOURNE, FIELD OFFICE ) | |
| DIRECTOR, BUREAU OF IMMIGRATION ) | |
| AND CUSTOMS ENFORCEMENT, ET AL. ) | |
| ) | |
| Respondents[1] ) | |

SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Petitioner's challenge to his pre-final order detention has now been mooted by the Board of Immigration Appeals' ("BIA") December 30, 2005, issuance of a final order of removal against petitioner. See Attachment A, Decision of the Board of Immigration Appeals, dated December 30, 2005.

Detention of arriving aliens *after* the issuance of a final administrative removal order and pending execution of the removal order is governed by the Supreme Court's decisions in Zadvydas v. Davis, et al., 533 U.S. 678 (2001), and Clark v. Martinez, 123 S.Ct 716 (2005). Martinez held that the Zadvydas standards applied both to deportable aliens under final

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

administrative orders of removal, and to inadmissible aliens under final administrative orders of removal, such as petitioner after the BIA's December 30, 2005 order.  See Attachment A.

The Supreme Court in Zadvydas recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 2505.  The Court further held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

In Akinwale v. Ashcroft, et al., 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good

<u>reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>." <u>Id</u>. at 1052 (emphasis added).

In <u>Lema v. USINS</u>, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), <u>aff'd</u> 341 F.3d 853 (9th Cir. 2003), even where post-order detention had <u>exceeded</u> six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in <u>Zadvydas</u> which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

In the instant case petitioner has now been detained after a final order of removal by respondent pending removal only since December 30, 2005, well within the presumptively lawful 6-month detention period recognized by the Supreme Court in <u>Zadvydas</u>. Accordingly, any constructive claim of unlawful detention not mooted by the BIA's final order of removal fails to state a claim upon which relief may be granted.

It should be noted also that petitioner has 30 days from the date of the BIA order to seek judicial review of that order in the First Circuit Court of Appeals. <u>See</u> 8 U.S.C. §§

3

1252(b)(1) (directing that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal"), and 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").[2] See also Ishak v. Gonzales, 422 F.3d 22, 27 (1st Cir. 2005) ("The Real ID Act provides unequivocally that a petition for direct review in the court of appeals shall be the exclusive means for judicial review of an order of removal".).

Accordingly, the Court should dismiss this action for failure to state any claim upon which relief may be granted.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:  s/Frank Crowley
    FRANK CROWLEY
    Special Assistant U.S. Attorney
    Department of Homeland Security
    P.O. Box 8728
    J.F.K. Station
    Boston, MA 02114
    (617) 565-2415

---

[2] Petitioner was ordered removed by an Immigration Judge in Boston, Massachusetts.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on January 19, 2006.

                                              s/Frank Crowley
                                              FRANK CROWLEY
                                              Special Assistant U.S. Attorney
                                              Department of Homeland Security
                                              P.O. Box 8728
                                              J.F.K. Station
                                              Boston, MA 02114

ATTACHMENT A



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

| | |
|---|---|
| Winkowski, Chester J., Esquire<br>191 Merrimack Street, Suite 502<br>Haverhill, MA 01830-0000 | Office of the District Counsel/BO<br>P.O. Box 8728<br>Boston, MA 02114 |

Name: GITAU, SAMUEL NBUGUA          A77-954-860

Date of this notice: 12/30/2005

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*/s/ F.F. K--/*

Frank Krider
Chief Clerk

Enclosure

Panel Members:
    FILPPU, LAURI S.

| | |
|---|---|
| U.S. Department of Justice | Decision of the Board of Immigration Appeals |
| Executive Office for Immigration Review | |
| Falls Church, Virginia 22041 | |

File:   A77-954-860 - Boston

Date: DEC 3 0 2005

In re:  GITAU, SAMUEL NBUGUA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Winkowski, Chester J., Esquire

ON BEHALF OF DHS: John M. Furlong Jr., Assistant Chief Counsel

ORDER:

PER CURIAM. The respondent has appealed from the Immigration Judge's decision dated June 16, 2005. On appeal, the respondent contends that the Board should revisit Matter of Rodriguez-Majano, 19 I&N Dec. 811 (BIA 1988), in which we held that, in determining whether an individual was a person who ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion, it is the objective effect of an alien's actions that are controlling. The respondent contends that a subjective standard, requiring volitional action in furtherance of persecution, should be applied. We decline to revisit Matter of Rodriguez-Majano. Furthermore, the record supports the Immigration Judge's determination that the respondent was statutorily barred from asylum and withholding of removal because the respondent admitted that he threatened people with death if they did not join the Mungikis (Tr. at 153-154), the respondent forced individuals to drink goat's blood and human urine (Tr. at 157), the respondent participated in beatings to coerce individuals to join the Mungikis (Tr. at 157-158, 160-162, 165), the respondent participated in the ritual circumcision of men and referred women to other women for circumcision (Tr. at 192-194), and was a co-conspirator to beatings (Tr. at 205), and these actions were on account of a social group–the tribal group of Kikuru–and a religion–whatever was not Mungiki (I.J. Dec. at 43-47). Furthermore, the Immigration Judge's adverse credibility ruling with respect to certain aspects of the respondent's testimony was not clearly erroneous (I.J. Dec. at 38-43). The respondent clearly testified on the first day of his merits hearing that he joined the Mungiki because peers attracted him to the religion (Tr. at 86). The testimony on which the respondent relies, which was also provided on the first day of trial, involved the respondent's explanation of how the respondent forced others to join (Tr. at 93-94). The Immigration Judge also correctly denied the respondent deferral of removal under the Convention Against Torture (I.J. Dec. at 46). Accordingly, the appeal is dismissed.

FOR THE BOARD