# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Samuel Gitau, | ) |
| Petitioner | ) |
| | ) |
| v. | ) |
| | ) |
| Bruce CHADBOURNE, Field Office Director, | )    Civil Action No. |
| Department of Homeland Security, | )    05 CV 10803-GAO |
| Immigration & Customs Enforcement; *et. al.* | ) |
| Respondents | ) |

## PETITIONER'S RESPONSE TO RESPONDENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The petitioner's challenge to his detention by way of petition for *habeas corpus* is not mooted by the Board of Immigration Appeals' ("BIA") final order in his removal proceedings.

In Spencer v. Kemna, 523 U.S. 1, 7 (1998), the Supreme Court addressed whether a *habeas corpus* petition is rendered moot by the petitioner's release from custody. The Supreme Court said:

> The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478, 108 L. Ed. 2d 400, 110 S. Ct. 1249 (1990). See also Preiser v. Newkirk, 422 U.S. 395, 401, 45 L. Ed. 2d 272, {140 L. Ed. 2d 50} 95 S. Ct. 2330 (1975). This means that,

> throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis, supra, at 477.

The Supreme Court went on to say:

> ...some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained. See, e.g., Carafas, supra, 391 U.S. 234 at 237-238.

It is submitted that the petitioner in this case meets the standards set down in

Spencer. The *habeas corpus* petition continues to present a case or controversy under

Article III, § 2 of the Constitution. The petitioner continues to have a personal stake in

the outcome of the petition. The petitioner has suffered and continues to be threatened

with "an actual injury traceable to the defendant and likely to be redressed by a favorable

judicial decision." The petitioner continues to suffer collateral consequences that stem

from the action challenged in the *habeas* petition.

Courts have found that sufficient collateral consequences may exist even after an

alien has been deported. In a pre-REAL ID Act case, the Ninth Circuit said:

> ...the case or controversy requirement is satisfied where the petitioner is deported, so long as he was in custody when the habeas petition was filed and continues to suffer actual collateral consequences of his removal... [the] collateral consequences arising from ...deportation could sustain the continuation of his habeas petition...[such as] the inability to seek to return to the United States for twenty years. As his inability to return is a concrete disadvantage imposed as a matter of law, the fact of his deportation did not render the pending habeas petition moot. Zegarra-Gomez v. INS, 314 F.3d 1124, 1127 (9th Cir. 2003)

Other Circuit Courts of Appeal have found similarly. See e.g., Leitao v. Reno,

311 F.3d 453, 456 (1st. Cir. 2002) (permanent bar to readmission due to aggravated

felony is a sufficient collateral consequence); Smith v. Ashcroft, 295 F.3d 425, 428 (4th

Cir. 2002) (petitioner is prevented from "beneficially unravel[ing] his untoward immigration status"); see also Reyes-Sanchez v. Ashcroft, 261 F. Supp. 2d 276 (S.D.N.Y. 2003) (denial of AIDS treatment that would result from deportation and permanent bar to reentry constitute sufficient collateral consequences);

The petitioner does not challenge his final order of removal. However, it is submitted that in his case, the change in posture to post final order detention is insufficient to moot the case or controversy generated by the *habeas corpus* petition.

A collateral consequence of the actions challenged in the *habeas corpus* petition is the post final order detention itself. It is an actual injury traceable to the respondent and one which can be remedied by this court.

It is respectfully submitted that but for the petitioner's unlawful pre-final order detention, as is alleged in the petition and subsequent filings, the petitioner likely would not have been subjected to, nor would he continue to face, post final order detention. He is not a criminal alien. Both Zadvydas v. Davis, 533 U.S. 678, 688 (2001) and Clark v. Martinez, 125 S. Ct. 716 (2005), cited by the respondent, involved criminal aliens. It has never been alleged that the petitioner is a risk to the community or a flight risk. In fact, his conduct while in the United States argues to the opposite.

The government has interpreted 8 U.S.C. § 1231(a)(2) as requiring that only criminal alien aliens and terrorists be detained during the "removal period".[1] See Memorandum from Bo Cooper, INS General Counsel, to all regional counsels, Detention

---

[1] 8 U.S.C. § 1231(a)(2) states: During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 212(a)(2) or 212(a)(3)(B) or deportable under section 237(a)(2) or 237(a)(4)(B).

and Release of Aliens with Final Orders of Removal (Mar. 16, 2000), reproduced in 77

Interpreter Releases 649 (May 15, 2000).[2]  The government has said:

> Once the removal period commences, the INS may - but is not
> required to - detain a non-criminal alien until his removal is
> effected.  See INA § 241(a)(2) (interpreted by INS and the Office
> of Immigration Litigation as only mandating detention for
> criminals and terrorists during the removal period).  Id.

The government goes on to state that if a non-criminal alien has been detained but

has not been removed during the removal period:

> [The INS] must release him under an order of supervision pending
> removal, unless it determines that that he is a risk to the
> community or a flight risk and thus unlikely to comply with his
> removal order.  Id.

As a result, had the petitioner not been unlawfully detained as alleged, he would

not likely face continued detention.[3]

A further collateral consequence of the petitioner's detention has been the loss of

custody of his United States citizen child.  It is an actual injury traceable to the

respondent and one for which a remedy can be provided by this court.

As was alleged in the petition, the petitioner had sole legal custody of his child

due to the chronic mental illness of the child's mother.[4]  It appears that the petitioner's

detention gave rise to a custodial action.  The current status of that action is that custody

---

[2] See attached Exhibit "A"

[3] As a practical matter, the decision to detain any alien regardless of his status is affected by the availability
of bed space for that alien.  (See e.g., Memorandum from Michael Pearson, INS Exec. Assoc. Comm'r,
Office of Field Operations, to Regional Directors, Detention Guidelines Effective October 9, 1998 (Oct. 7,
1998), reprinted in 3 Bender's Immigr. Bull. 1114 (Nov. 1, 1998).

[4] See Petition for Writ of *Habeas Corpus* at paragraph 20.

has been granted to the Massachusetts Department of Social Services because of the petitioner's unavailability to care for his child.[5]

Clearly, the petitioner has an interest in seeing his child before he is removed from the United States. Further, and more importantly, he has a compelling interest in assuring that the care and well-being of his child is guaranteed to the fullest extent possible. He also has a compelling interest in maintaining his parental and custodial rights to his child, even after his removal from the United States. It is submitted that the petitioner's ultimate release, even under close supervision, will afford the petitioner the ability to protect his rights and interests, as well as those of his United States citizen child, pending his removal. This court can provide the petitioner with the requested relief.

Accordingly, the motion to dismiss should be denied.

Dated: February 2, 2006                             Respectfully submitted,

Chester J. Winkowski, Esq.
Attorney at Law
191 Merrimack Street - Suite 502
Haverhill, MA 01830
978 374 1680
BBO# 530685

## Certificate of Service

I hereby certify that I have on this date served a copy of the above document upon Frank Crowley, Esq., Special Assistant U.S. Attorney, Department of Homeland Security, P.O. Box 8728, JFK Station, Boston, MA 02114 by first class post prepaid.

Dated: February 2, 2006

Chester J. Winkowski

---

[5] See attached Exhibit "B"

Appendix III



U.S. Department of Justice
Immigration and Naturalization Service

HQCOU 50/1.1

MAR  1 6 2000

MEMORANDUM FOR Regional Counsel
                    For Distribution to District and Sector Counsel

FROM:           Bo Cooper
                General Counsel

SUBJECT:        Detention and Release of Aliens with Final Orders of Removal


This memorandum clarifies the Service interpretation of the detention and release provisions of the Immigration and Nationality Act (INA) for aliens with final orders of removal.

### Non-Criminal Aliens

During immigration court proceedings, the INS's determination as to whether to detain or release a non-criminal alien is governed by INA § 236(a).  Once the alien has an administratively final order of removal (i.e., an unappealed order of removal by an immigration judge or an order of removal by the Board of Immigration Appeals), the "removal period" begins.  See INA § 241(a)(1)(B)(i).  During the 90-day removal period, the INS must seek to remove the alien.  See INA § 241(a)(1)(A).[1]

Once the removal period commences, the INS may – but is not required to – detain a non-criminal alien until his removal is effected.  See INA § 241(a)(2) (interpreted by INS and the Office of Immigration Litigation as only mandating detention for criminals and terrorists during the removal period).  If the alien delays his removal (e.g., by failing to make timely application for travel documents), the removal period is extended beyond 90 days.  The INS may continue to detain or may release the alien during this extended removal period.  See INA § 241(a)(1)(C).

If the alien files a petition for review (as provided under INA § 242(a)(1)), the removal period continues to run for a period of 90 days from the date of the final administrative order.  However, if the court has issued a stay of the alien's removal, the court's final order on the petition, if adverse to the alien, will trigger a new 90-day removal period.  See INA § 241(a)(1)(B)(ii).  During the second removal period, the INS may take a previously released alien into custody under INA § 241(a)(2).

If the INS has not removed a non-criminal alien prior to the expiration of the initial removal period, it must release him under an order of supervision pending removal, unless it determines that he is a risk to the community or a flight risk and thus unlikely to comply with his removal order.  See INA §§ 241(a)(3), 241(a)(6).  This requirement also applies to an alien who has not been removed by the expiration of any second removal period.

---

[1] However, the INS must comply with any judicial stay of removal.

"A"

Commonwealth of Massachusetts
The Trial Court
Probate and Family Court Department

_MEDDLESEX_ Division        Docket No. O6A OOO 6 GX

### Sua Sponte Order for Transfer of Care and Custody
### to the Department of Social Services

To the Commissioner of the Department of Social Services:

_____ Jay Gitau _____      _9/25/02_
name of child            child's date of birth

is a child under the age of eighteen who is without proper guardianship due to the death, unavailability, incapacity or unfitness of the parent or guardian.

The parent or guardian was before this Court on _____ January 9, 2006 _____
date

where it was determined that this child's safety and welfare required that he/she be placed in the custody of the Department of Social Services pending a further hearing.

1. The parents of the Child are:

_Miriam Bernard_        _Samuel Gitau_
name of mother           name of father

_80 Lindens St._       _C/o Teresia Gitau_
street address           street address

_Lowell, MA 01850_     _113 London St._

                       _Lowell Mass 01852_

city or town    state    zip code      city or town    state    zip code

2. The attorney representing the mother is:    The attorney representing the father is:

_Jennie Gardner_      _Michael Kilkelly_
name of attorney          name of attorney

_91 Main St Box 244_     _90 Salem St_
street address           street address

_Concord Mass 01742_    _Malden Mass 02148_
city or town   state   zip code     city or town   state   zip code

_978- 369-6700_        _781- 322-0977_
telephone number         telephone number

3. The attorney representing the child is:

_Barbara Egan_
name of attorney

_35 Chestnut St_
street address

_Wakefield Mass 01880_
city or town   state   zip code

_781-246-4280_
telephone number

                             (OVER)

"B"

B.1

4.   This case came to the Court's attention during:

☐  a divorce complaint          ☐  a 209A complaint

<u>docket number</u>

☑  a paternity complaint        ☑  a guardianship petition
   34W0213                          05P4386GM1
<u>docket number</u>               <u>docket number</u>

☐  a custody petition           ☐  other: _____

<u>docket number</u>               <u>docket number</u>

5.   There shall be a further hearing on ___1-13-06___

If you want to object to the Department of Social Services having custody of your child, you or your attorney must attend the hearing. You may be entitled to the appointment of an attorney to represent you on the issue of custody only, if you are an indigent person. An indigent person is defined by SJC Rule 3:10. A determination of indigency will be made by the Court. You should contact an assistant register before the date stated above if you think you are entitled to appointed counsel.

6.   _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____

It is ORDERED that the Department of Social Services shall have the responsibility for the care and custody of ___Joy Gitau___ pursuant to the provisions of the General Laws of Massachusetts, Chapter 119, section 23C – Chapter 208, section 28 (divorce or modification judgment). [Strike out non-applicable reference]

Date ___1/9/06___                    _____
                                     Justice of the Probate and Family Court

*Upon entry of this order a new case file shall be opened, in the name of the child and the case shall be assigned a docket number in the adoption docket.*
*This matter should be cross-referenced on the initial case file.*

*This order shall be reviewed within eighteen (18) months from the date of the original commitment, grant of custody, or transfer of responsibility to the Department of Social Services and periodically thereafter while the child remains in the care of the Department. M.G.L. c. 119, § 29B.*

B.2

**COMMONWEALTH OF MASSACHUSETTS**
**The Trial Court**
**Probate and Family Court Department**

Middlesex, ss                                          Docket No. *06A 0006 5X*

*In the Matter of*
*Joy Bitane*                                          , ~~Plaintiff~~

_____, ~~Defendant~~

**TEMPORARY/SCHEDULING/ORDER(S)**
(On: Complaint for *Sua Sponte for Transfer of Care and*
filed *1/10/06*) *Custody to the Department*
*of Social Services*

Pending a hearing on the merits or until further order of the court, it is ORDERED as forth below.

☐  ~~1.  A case management conference shall be held on~~ ___

☐     ~~Discovery shall be concluded on~~ ___

☑     A ~~Pretrial~~ *Status hearing* Conference will be held on *April 6, 2006* at *Cambridge*
       (see accompanying order) *@ 9:00am*

☐   ~~The parties shall comply with a Stipulation of Agreement of the parties dated~~
     ~~, which has today been filed with the Court, is~~
     ~~approve, shall have the full force and effect of an Order of the Court, and is~~
     ~~expressly made a part of this Order.~~

☑   *Following evidentiary hearing today*
     *The Sua Sponte Order for Transfer of*
     *Care & Custody to the Dept. Social Services (1/9/06)*
     *shall remain in effect pending further*
     *order.*
     *At said hearing DSS counsel + caseworker*
     *(Deshbijing) and counsel for the child and*
     *each parent were present.*

_*1/13/06*_                                    _____
Date                                          , Justice
                                              Middlesex Probate & Family Court

B. 3