UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL GITAU )<br>)<br>      Petitioner )<br>)<br>   v. )<br>)<br>BRUCE CHADBOURNE, FIELD OFFICE )<br>DIRECTOR, BUREAU OF IMMIGRATION )<br>AND CUSTOMS ENFORCEMENT, ET AL. )<br>)<br>      Respondents[1] ) | Civil Action No.<br>05cv10803-GAO |

<u>SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS</u>

Respondent seeks leave of Court to reply to Petitioner's Response to Respondent's Supplemental Memorandum of Law ("Petitioner's Response").

**ARGUMENT**

I.  PETITIONER'S CONTINUING CHALLENGE TO THE BASIS OF HIS PRE-FINAL ORDER DETENTION HAS BEEN RENDERED MOOT BY THE BIA'S ENTRY OF A FINAL ORDER OF REMOVAL ON DECEMBER 30, 2005.

Petitioner's Response to Respondent's Supplemental Memorandum of Law ("Petitioner's Response") argues that his challenge to his pre-final order detention has *not* been mooted by the Board of Immigration Appeals' ("BIA") December 30, 2005,

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

issuance of a final order of removal against petitioner.[2]

However, it must be obvious that petitioner's continuing argument against the legal basis of his prior pre-final order detention under 8 U.S.C. § 1226 is now beside the point to his current post-final order detention under 8 U.S.C. § 1231. Indeed, the very case cited by petitioner, Spencer v. Kemna, 523 U.S. 1 (1998), operates against his argument.

There is no question that if petitioner is asserting that he is presently unlawfully detained, he may challenge that detention in this Court. Ishak v. Gonzales, 422 F.3d 22, 29 n.5 (1st Cir. 2005) (district court retains "habeas review over challenges to detention that are independent of challenges to removal orders."). Citing H.R. Conf. Rep. No. 109-72, at 175. But the plain fact is that the statutory authority under which petitioner was detained prior to the BIA's December 30, 2005, entry of a final order -- 8 U.S.C. § 1226 -- is no longer the legal basis for his present, post-order detention, and so petitioner's continuing, and anachronistic, argument has been mooted out by the December 30, 2005, BIA removal order and the

---

[2] It should be noted also that although petitioner has been ordered removed from the United States by the BIA's December 30, 2005 final order, it does not appear that petitioner has sought prescribed judicial review of that removal order at the First Circuit Court of Appeals, and Petitioner's Response concedes that "petitioner does not challenge his final order of removal." Petitioner's Response, p.3.

corresponding change in the legal basis for petitioner's detention.

In fact petitioner, significantly, has failed entirely to raise any colorable challenge to the present, post-final order basis for his detention, viz., 8 U.S.C. § 1231, which is governed by the Supreme Court's teaching in Zadvydas v. Davis, et al., 533 U.S. 678 (2001).  At most petitioner says that he is not a criminal alien in contrast to the alien in Zadvydas. Petitioner's Response, p.3.  However, the Zadvydas decision was not limited to criminal aliens, and the statutory provision construed by the Zadvydas court, 8 U.S.C. § 1231(a)(6), includes "an alien ordered removed who is inadmissible under section 212", which describes petitioner, regardless of any factoring of community risk or flight risk.  In the end, petitioner is an alien persecutor who is under a final order of removal, and who has been detained not even 2 months pending execution of his removal order, much less in excess of the 6-months presumptively lawful detention period under the authority of Zadvydas.

Petitioner misses the point of Spencer v. Kemna, 523 U.S. 1 (1998) completely.  Petitioner asserts that "but for [his] unlawful pre-final order detention . . . the petitioner likely would not have been subjected to, nor would he continue to face, post-final order detention."  Besides being something of a non-sequitor, petitioner's argument appears to be asserting the

3

exact kind of "collateral consequences" argument that was rejected in Spencer.

In Spencer, the Supreme Court considered whether a petitioner could continue to challenge a revocation of parole status even after the period of petitioner's reincarceration had ended. The salient facts in Spencer are thus analogous to petitioner's own reincarceration after revocation of his parole after the revelation that he was a persecutor. Spencer observed too that the case-or-controversy requirement of Article III, § 2, of the Constitution "means that, throughout the litigation the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'". Spencer v. Kemna, 523 U.S at 7, quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1990).

The Supreme Court in Spencer dismissed the idea that the petitioner's prior incarceration could be a "collateral consequence" that saved his case from constitutional mootness. Said the Spencer Court: "The reincarceration that he incurred as a result of [the parole revocation] is now over, and cannot be undone." Spencer v. Kemna, 523 U.S. at 8. Likewise, petitioner's prior detention under the authority of 8 U.S.C. § 1226 -- the custody statute governing pre-final order detention -- expired upon the BIA's December 30, 2005, final order, and

4

petitioner's detention from then to present has been governed by a discrete legal standard, 8 U.S.C. § 1231, as elaborated by the Zadvydas case. Therefore, just as in Spencer, petitioner's prior incarceration "is now over, and cannot be undone." Spencer v. Kemna, 523 U.S. at 8.

Moreover, petitioner's continuing argument against the basis of his earlier detention -- again, even though it is no longer the legal basis of his detention since December 30, 2005 -- does not address a continuing injury "likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S at 7, quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1990). In other words, even if the Court had jurisdiction to entertain this mooted historical argument, no decision by the Court on the lawfulness of petitioner's pre-final order detention would address or redress the question of the lawfulness of petitioner's present detention. While it may be that petitioner liked his earlier arguments better, since December 30, 2005, the lawfulness of his post-final order detention, vel non, is now assessed under the Supreme Court's standards set out in Zadvydas v. Davis, et al., 533 U.S. 678 (2001), and Clark v. Martinez, 123 S.Ct 716 (2005). See ARGUMENT, Part II, infra.

The bottom line is that the Court lacks jurisdiction on mootness grounds to address petitioner's continuing argument

attacking the legal basis of his, earlier, pre-final order detention because, as the Supreme Court said: "We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Spencer v. Kemna, 523 U.S. at 18 (emphasis added).

II.  PETITIONER'S PRESENT DETENTION IS LAWFUL UNDER THE SUPREME COURT'S DECISION IN ZADVYDAS v. DAVIS.

Detention of arriving aliens *after* the issuance of a final administrative removal order and pending execution of the removal order is governed by the Supreme Court's decisions in Zadvydas v. Davis, et al., 533 U.S. 678 (2001), and Clark v. Martinez, 123 S.Ct 716 (2005).  Martinez held that the Zadvydas standards applied both to deportable aliens under final administrative orders of removal, and to inadmissible aliens under final administrative orders of removal, such as petitioner after the BIA's December 30, 2005 order.

The Supreme Court in Zadvydas recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 2505.  The Court further held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence

6

> sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. <u>To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future</u>.

<u>Zadvydas v. Davis, et al.</u>, 121 S. Ct. at 2505 (emphasis added).

In <u>Akinwale v. Ashcroft, et al.</u>, 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under <u>Zadvydas</u> the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>." <u>Id</u>. at 1052 (emphasis added).

In <u>Lema v. USINS</u>, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), <u>aff'd</u> 341 F.3d 853 (9th Cir. 2003), even where post-order detention had <u>exceeded</u> six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in <u>Zadvydas</u> which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step

7

    in the analysis.  Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

    In the instant case petitioner has now been detained after a final order of removal by respondent pending removal only since December 30, 2005, well within the presumptively lawful 6-month detention period recognized by the Supreme Court in <u>Zadvydas</u>.  Accordingly, any constructive claim of unlawful detention not mooted by the BIA's final order of removal fails to state a claim upon which relief may be granted.

    Accordingly, the Court should dismiss this action for failure to state any claim upon which relief may be granted.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

                    By:  <u>s/Frank Crowley</u>
                        FRANK CROWLEY
                        Special Assistant U.S. Attorney
                        Department of Homeland Security
                        P.O. Box 8728
                        J.F.K. Station
                        Boston, MA 02114
                        (617) 565-2415

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on February 8, 2006.

<u>s/Frank Crowley</u>
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114